**HINKLE'S JEEP SALES, INC., Plaintiff,**

v.

**VILLA ENTERPRISES, INC., Defendant.**

**No. 81–151–CIV–EBD.**

United States District Court,
S. D. Florida.

Jan. 26, 1981.

**50**

Irving Schulman, Miami, Fla., for plaintiff.

William B. Ewers, Fort Lauderdale, Fla., for D. Eller.

Robert S. Geiger, Miami, Fla., for D. Venezuela.

Michael I. Leibman, Miami, Fla., for D. Villa.

## ORDER

EDWARD B. DAVIS, District Judge.

Federal and state rules of procedure combine with a recently-enacted federal removal statute to bring out the vagaries of each as the parties to this action jockey for jurisdiction, each preferring its favorite forum. At issue is the plaintiff's motion to remand this cause to the Florida circuit court from whence it came. The problem comes from the constraints of Rule 41(a)(1) of the Federal Rules of Civil Procedure.

### I. PROCEDURAL HISTORY

A review of the procedural background of this action is vital to comprehension of the issue at hand and this Court's ruling. The single plaintiff originally sued in state court, alleging that Villa Enterprises, an exporter, had paid for a shipment of twelve Jeeps with checks which were dishonored by the paying bank. At the time of suit, the automobiles were awaiting shipment out of the United States, so the stevedoring company, Eller & Co., and the prospective recipient of the Jeeps, the Republic of Venezuela, were also named as defendants. Plaintiff Hinkle understandably sought to enjoin the shipment.

To that end, Hinkle secured a temporary restraining order, and later a preliminary injunction, thereby gaining possession of the Jeeps. The ultimate outcome of the plaintiff's action will depend on who now owns the vehicles: plaintiff Hinkle, defendant Villa, or defendant Venezuela, which contends that it paid defendant Villa for the automobiles in good faith and without notice of the dishonored checks.

Defendant Venezuela then removed the action to this Court under the provisions of 28 U.S.C. § 1441(d) (1976). That statute was enacted as part of the Foreign Sovereign Immunities Act of 1976. This amendment to the removal law allows a foreign state to remove any civil action which has been brought against it to a United States District Court whose district and division encompasses the place where the state ac-

tion is pending. 28 U.S.C. § 1441(d). This Court is an appropriate court under the statute.

Venezuela then moved to vacate or dissolve the temporary injunction which had been issued in state court. The motions were accompanied affidavits and a memorandum of law, and have not been ruled on at this time.

Not to be outdone by Venezuela's forum switching, plaintiff filed a notice of voluntary dismissal in this Court, purporting to dismiss only defendant Venezuela. The notice was filed before any defendant had served an answer or a motion for summary judgment, and thus the notice appears to comport with Fed.R.Civ.P. 41(a)(1)(i). Plaintiff now moves to remand this action back to state court, arguing that this Court no longer has jurisdiction under 28 U.S.C. § 1441(d) because of the purported dismissal of Venezuela.

## II. AN ANSWER?

■ Defendant Venezuela argues, without citation to authority, that its memorandum and affidavits accompanying the motion to dissolve or vacate should be construed as an answer to the complaint. If those papers constitute an answer, plaintiff could only dismiss Venezuela as a defendant by filing a stipulation of dismissal signed by all parties who have appeared in the action, Fed.R.Civ.P. 41(a)(1)(ii), or by order of the Court. *Id.*, 41(a)(2).

There is some early authority for construing the efforts surrounding a motion for a preliminary injunction as constituting an answer sufficient to defeat a voluntary dismissal under 41(a)(1)(i). *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203

F.2d 105 (2d Cir.), *cert. denied*, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953). That approach, however, has been rejected by the Fifth Circuit. *Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters*, 506 F.2d 914 (5th Cir. 1975); *see American Cyanamid Co. v. McGhee*, 317 F.2d 295 (5th Cir. 1963). Thus, the construing-as-an-answer theory must fail.

## III. "AN ACTION"

■ Another approach to defeating the plaintiff's notice of dismissal would be to argue for a narrow reading of the term "an action" in Fed.R.Civ.P. 41(a)(1). The Rule provides for dismissal of "an action," and does not specifically cover parts of an action. If only an entire action could be dismissed by the voluntary dismissal procedure, an attempted dismissal of only one defendant would be void.

A few courts have indicated that Rule 41(a)(1)(i) prohibits dismissal of only one defendant in a multi-defendant action. *See, e. g., Harvey Aluminum*, 203 F.2d at 108. However, such an interpretation has been rejected in this Circuit. *Plains Growers, Inc. v. Ickes-Braun*, 474 F.2d 250 (5th Cir. 1973); *see Oswalt v. Scripto, Inc.*, 616 F.2d 191 (5th Cir. 1980).

■ Another possible avenue opened by a literal reading of 41(a)(1) comes from the Rule's provision that a voluntary dismissal is "[s]ubject to the provisions . . . of any statute of the United States . . . ." An argument could be crafted along the lines that since 28 U.S.C. § 1441(d) gives the foreign defendant the right to remove the action to federal court, such right should not be defeated by the filing of a voluntary dismissal.[1] The only statutes which have

---

1. The statutory argument has particular appeal because Venezuela apparently cannot be dismissed from a remanded state court action. Florida's voluntary dismissal rule prohibits notice dismissal once property has been seized. Fla.R.Civ.P. 1.420. Also, unlike federal courts dealing with Fed.R.Civ.P. 41(a)(1)(i), Florida courts have squarely held that the state's rule prohibits dismissal of only one defendant in a multi-defendant action. *Deseret Ranches v. Bowman*, 340 So.2d 1232 (D.C.A.1976); *C. W.*

*Scott v. Permacrete, Inc.*, 124 So.2d 887 (D.C.A. 1960).

If Venezuela cannot be voluntarily dismissed from the state court action, it would still be a defendant in a civil action and could again remove the cause to federal court. 28 U.S.C. § 1441(d). The plaintiff would again be able to dismiss Venezuela from the federal action. Round and round the parties would go until a defendant answers or moves for summary judgment. The policies of judicial economy

been cited as applicable in this context, *see* 5 Moore's Federal Practice ¶ 41.03, condition dismissal specifically on the written consent of the Court and the fulfillment of other conditions. *See* 8 U.S.C. § 1329 (1976); 31 U.S.C. § 232(B) (1976). Absent such specific language in 28 U.S.C. § 1441(d), this Court finds that there is no statutory impediment to a 41(a)(1)(i) voluntary dismissal of a § 1441(d) foreign defendant.

## IV. CONCLUSION

From the above, the Court concludes that there is no rationale by which the notice of voluntary dismissal can be vacated. In this instance, the plaintiff is using Fed.R.Civ.P. 41(a)(1)(i) to jockey for jurisdictional position, and, to the extent of having no choice but to allow the dismissal of defendant Venezuela, the Court has no choice but to humor the plaintiff. The Court, however, agrees with the commentators that the Rules should be further amended to curb the right of voluntary dismissal when such a dismissal is a tactical move to frustrate removal and prejudices a defendant's statutory right to choose the forum. *Accord,* 5 Moore's Federal Practice ¶ 41.02[3].

Allowing the dismissal of Venezuela does not, however, mandate a remand to state court. When an action is removed to a United States District Court by means of 28 U.S.C. § 1441(d), the entire case and all of the parties are removed. *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371 (5th Cir. 1980).[2] When the foreign defendant in such an action has been dismissed, the question of a remand lies in the sound discretion of the court. *Id.*, 621 F.2d at 1376 n.6.

■■■ A remand is discretionary because the Court retains pendent party jurisdiction even though the original jurisdictional basis has been destroyed. *Id.* A remand will usually, but not always, be the appropriate course of action. *Id.; see Overman v. Unit-*

ed States, 563 F.2d 1287 (8th Cir. 1977); *Brough v. United Steelworkers of America,* 437 F.2d 748 (1st Cir. 1971). Considerations of judicial economy are a substantial factor in deciding whether an action should be remanded after the original basis for federal jurisdiction has been lost. *Arango,* 621 F.2d at 1376 n.6; *see American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In this action, the economy considerations are considerable. A remand to state court might be futile because the action could soon be back before this Court. See note one, *supra.*

Retaining the case in this Court also has disadvantages. The defendant Venezuela has been dismissed. The Federal Rules of Civil Procedure, however, may give Venezuela one or more methods of again becoming a party to this action, if it were to remain in federal court, and if Venezuela should desire to rejoin the federal action.

Considering the economy aspects of this action, the Court is forced to choose between two judicial evils: a remand to state court when there is a possibility of a re-removal to this Court; or a retention of jurisdiction on the tenuous theory of pendent party jurisdiction, and the chance that the dismissed defendant will intervene in the action. Having considered all aspects of the situation, and noting that a remand is ordinarily favored when the original cause of federal jurisdiction has been lost, in the Court's discretion it is

ORDERED AND ADJUDGED that the motion to remand is GRANTED. This cause is hereby REMANDED to the Eleventh Judicial Circuit of Florida.

---

and due process are not advanced in such a ludicrous situation.

**2.** Once removed, anything done in state court (including the filing of a notice of dismissal

there) is void and of no effect. *Arango,* 621 F.2d 1375 n.4. Nothing can have effect in state court unless it is done after the remand. *Id.*