**BLUE OX CORPORATION, a corporation, and O. A. Lien, Plaintiffs,**

v.

**MURPHY OIL CORPORATION, a corporation, Defendant.**

No. CV–81–28–GF.

United States District Court,
D. Montana,
Great Falls Division.

Oct. 2, 1981.

James H. Goetz, Goetz & Madden, Bozeman, Mont., for plaintiffs.

Robert J. Emmons, Great Falls, Mont., for defendant.

## MEMORANDUM

HATFIELD, District Judge.

Plaintiffs filed the present action on December 22, 1980 in the District Court of the Fifteenth Judicial District of the State of Montana, in and for the County of Roosevelt, seeking compensation for damage to wells, groundwater and lands allegedly caused by the defendant's oil drilling operations. The case was subsequently removed to this court upon petition filed by the defendant, March 19, 1981. Jurisdiction vested in this court pursuant to 28 U.S.C. § 1332(a)(1).

Exhaustive review of both the pleadings and briefs submitted in the present case leads this court to conclude that the present action must be remanded to the state court from which removal is sought.

## FACTUAL BACKGROUND

Disposition of the present case requires this court to evaluate the tortuous course this litigation has thus far followed, since an analysis of that course is critical to an understanding of this court's ultimate disposition.

Plaintiffs, landowner farmers in Roosevelt County, Montana, filed suit in October of 1971 against defendant, Murphy Oil Company, for harm to plaintiffs' property allegedly caused by leaks of salt water brine from drilling operations of Murphy being conducted on plaintiffs' lands pursuant to leases executed by plaintiffs' predecessors in title. The suit (hereinafter the "1971 case") sought damages of $15,000.00 based on breach of lease and negligence. For reasons apparently attributable to both parties (the specifics of which need not be expounded upon for present purposes), that suit has never proceeded to trial. However, on May 30, 1980, plaintiffs sought to amend the 1971 complaint to incorporate (1) additional theories of liability based on strict liability, trespass, nuisance and negligence via *res ipsa loquitur*, and (2) additional damages totaling $650,000.00.

The State District Court, by orders dated August 12 and 20, 1980, denied plaintiffs permission to amend the initial complaint reasoning that such changes would be prejudicial to the defendant in light of the extensive delay present in the case.

The plaintiffs sought review of the district court's decision via a Petition for Writ of Supervisory Control to the Montana Supreme Court. By order of November 20, 1980, the Montana Supreme Court denied the writ so requested on the grounds that (1) there existed an adequate remedy by appeal, (2) that no emergency situation existed and (3) that petitioners themselves had been guilty of laches.

Subsequent to the above events, the present case (hereinafter the "1980 case") was filed in state district court on December 22, 1980 and was thereafter acknowledged as a "new" complaint by order of that court dated March 6, 1981. Thereafter the 1980 case was removed to this court by the defendant, Murphy. The "new" complaint and the amended complaint, which was proposed to be filed in State District Court, are essentially identical. The "new" complaint names the same parties and alleges the same wrong (i. e., leaks of salt water from defendant Murphy's drilling operation allegedly resulting in contamination of plaintiffs' property) as the 1971 case which is still pending in state district court. The only distinguishing features being that the new complaint phrases the theory of liability in terms of "continuing tortuous conduct."

The events which have transpired in the litigation between the parties to the present

action compels this court to make an inquiry into the propriety of removal. This court is of the opinion that it cannot determine the propriety of removal of the "new" action in isolation of the events which have transpired in state court.

## PROPRIETY OF REMOVAL

When filed, both cases were federally cognizable and removable. The defendant Murphy elected not to remove the 1971 case, opting instead to proceed in the state forum. When the 1980 case was filed the defendant Murphy filed a timely petition for removal pursuant to 28 U.S.C. § 1441(a) and (b).

■■■ This course of events necessarily raises the question of whether the defendant Murphy, by electing to proceed in the state court with the 1971 case, has waived its right to now remove the 1980 case which arises from the identical set of operative facts. Even though there exists the necessary requisites for removal (i. e., diversity and jurisdiction amount) these alone will not suffice. This court is of the opinion that the propriety of removal of the present action turns upon the question of whether the requisites of 28 U.S.C. § 1441(c) are met, i. e., whether there exists a separate and independent claim or cause of action. It is well established that a single wrong cannot be parlayed into separate and independent causes of action by multiplying the legal theories upon which relief is sought. *Morris v. Vitek*, 412 F.2d 1174 (9th Cir. 1969). The Supreme Court in analyzing subsection (c) in *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951) concluded:

> [T]hat where there is single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

*Id.* at 14, 71 S.Ct. at 540.

*Finn* therefore established a single occurrence test by noting that the determinative factors are whether the damage comes from a single incident and the allegations involve substantially the same facts and transactions. *Id.* at 16, 71 S.Ct. at 541.

Extension of the *Finn* doctrine to circumstances involving plaintiffs who have initiated separate though related lawsuits in state court was done in *Layden v. Zantop*, 265 F.Supp. 743 (N.D.Ill.1967). In *Layden* a wrongful death action and a property damage action arising out of the same airplane crash were separately filed by different plaintiffs against the same defendant in the same state court. When filed, both cases were federally cognizable and removable. The defendant elected not to remove the first filed wrongful death action, opting instead to proceed in the state forum. When the property damage suit was subsequently initiated, the defendant filed a timely petition to remove that action to federal court. Applying the single occurrence test espoused in *Finn, supra*, the federal district court held that the defendants, having elected to proceed with the wrongful death controversy in the state court, had waived their right to remove the related property damage controversy. The court in *Layden* reasoned that since the two cases would have been consolidated under state court practice and the first case could not have been removed as of the time the second case was filed, the issue of the removability of the second case was turned upon whether the second case presented a "separate and independent claim or cause of action" within the meaning of § 1441(c).

The court in *Layden* reinforced its novel extension of the *Finn* rationale with its recognition that sound judicial economy mandated such remand, in light of the fact that retention of federal jurisdiction would result in two courts of competent jurisdiction entertaining basically the same lawsuit.

The situation presented in the case at bar is clearly analogous to the situation addressed in the *Layden* case. When filed, both cases were federally cognizable and removable. The defendant Murphy elected not to remove the 1971 case, opting instead to proceed in the state forum. When the 1980 action was filed the defendant Murphy

filed a timely petition for removal pursuant to 28 U.S.C. § 1441(a) and (b).

The injuries in both cases were caused by the same activity of the defendant Murphy. It is clear to this court that were the 1980 case to remain in state court it would necessarily be consolidated with the 1971 case pursuant to the Montana Rules of Civil Procedure, Title 25, Chapter 20, M.R.C.P., Rule 42(a).[1]

Therefore, in assessing the propriety of removal of the 1980 case, this court is compelled to make that determination by application of § 1441(c) in conjunction with the *Finn* rationale. This court would be remiss were it to make that determination on form rather than substance. Regardless of the fact that the 1980 case is denominated as a "new" action, the fact remains that it is based on a single wrong to the plaintiffs and as such does not constitute a separate and independent claim or cause of action from the 1971 case under § 1441(c). Defendant Murphy, having elected to proceed in state court with the 1971 case, has waived the right to remove the 1980 case.

The practical considerations involved provide substantial support for this conclusion. There is pending in state court the 1971 case which has been on the state court docket for a period of ten years. Considerable judicial resources have undoubtedly been expended on the case over that period of time, including one aspect of the case having gone to the Montana Supreme Court. To allow the defendant to "test the water" in state court and now come before this court with essentially the same action is contrary to the principles of judicial economy and comity.

As a practical matter this court finds it impossible to separate the two cases. This court agrees with plaintiffs' contention that the occurrence from which the alleged injury resulted may in fact constitute a continuing temporary nuisance within the purview of the rule of law espoused in *Nelson v. C & C Plywood*, 154 Mont. 414, 465 P.2d 314 (1970). However, that determination is factual in nature and assuming that the occurrence does not represent a continuing nuisance, then the resultant conclusion is that the alleged injury became permanent in nature at some point in time, presumably sometime prior to 1971.[2] If that were the case then this court would be entertaining the identical suit now pending in state court with the sole distinguishing feature being the increased prayer for damages. Hence, the defendant Murphy would now have in federal court that action which it had failed to remove in 1971.

It is the conclusion of this court that the present action must be remanded to state court. The defendant Murphy, having failed to remove the 1971 case, waived the right to now remove the present action since both actions arise out of a single occurrence and as such are not separate claims within the meaning of § 1441(c).[3]

An appropriate order shall issue.

---

1. Rule 42(a) M.R.C.P. provides:

   When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

2. It is noted that if the injury plaintiffs complain of was limited to events occurring after 1971 and hence separate from those complained of in the 1971 action, then the cases may be treated as separate. However, no such separation can be made on the basis of the 1980 complaint as submitted.

3. *American Fire and Casualty Co. v. Finn, supra; Morris v. Vitek, supra; Getty v. Sturm-Ruger and Co.*, 462 F.Supp. 949 (D.C.Alaska, 1979); *Teleco, Inc. v. Southwestern Bell Tel. Co.*, 392 F.Supp. 690 (D.C.Okl.1973).