**Linda Lou LAUGHLIN, etc., et al., Plaintiffs,**

v.

**DOW CHEMICAL COMPANY, et al., Defendants.**

**Civ. A. No. G–82–473.**

United States District Court, S.D. Texas, Galveston Division.

May 17, 1983.

Cullen Landis, Landis & Gregory, Houston, Tex., for plaintiffs.

James Ware, McLeod, Alexander, Powel & Apffel, Galveston, Tex., and King Waters, Vinson & Elkins, Houston, Tex., for defendants.

ORDER

HUGH GIBSON, District Judge.

BEFORE THE COURT is plaintiffs' first amended motion to remand this consolidated action to state court. This lawsuit and another on this Court's docket (*Holland, et al. v. Dow Chemical Co.,* G–81–57) arise out of the same injury-producing explosion but are in two different procedural postures. Both consolidated cases involve a myriad of parties (both domestic and foreign) and varying claims. The precise question posed by the motion to remand is whether an American-incorporated subsidiary of a French-nationalized corporation may remove a state court action to federal court

---

on the basis of 28 U.S.C. § 1441(d), when the parent has previously removed another related but not joined action. After review of the memoranda, exhibits, and relevant law, the Court is convinced that remand to state court is appropriate.

Section 1441(d) provides that a civil action may be removed by a foreign state. Once removed, the action is tried without a jury. Under 28 U.S.C. § 1603 a "foreign state" is defined in pertinent part as "... any entity—(1) which is a separate legal person, corporation or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) *which is neither a citizen of a state of the United States as defined in section 1332(c) and (d) of this title,* nor created under the laws of any third country." 28 U.S.C. § 1603(b). Citizenship of a corporation under § 1332(c) is determined by its incorporation and by its principal place of business.

In this case, defendant Rhodia, Inc. (now known as Rhone Poulenc, Inc.) is incorporated in New York. Its plant in Freeport, Texas, was the setting for the explosion and resulting injuries at issue herein. Rhodia's codefendant, Brown & Root, Inc., is Texas incorporated. The plaintiffs are residents of Texas.

Rhodia filed the removal petition and subsequently moved to consolidate this case with *Holland,* G–81–57. In state court both the *Holland* and *Laughlin* consolidated cases originally included third-party actions by defendants Brown & Root and Rhodia against the French corporations, Rhone Poulenc Industries and Societe des Usines Chimiques Rhone Poulenc. After two of three plaintiffs in *Holland* settled with Brown & Root, the state court judge severed the third-party action in *Laughlin* and consolidated it in *Holland.* As a result, *Laughlin,* prior to removal, consisted simply of the personal injury claims. After the consolidation of the third-party actions in *Holland* and upon nationalization of the French corporations by France, the third

parties removed the *Holland* lawsuit to this Court on the basis of § 1441(d), the requirements of which the corporations appear to meet—at least with regard to the third-party actions. Almost two years after the *Holland* removal, one defendant in *Laughlin,* Rhodia, sought to remove *Laughlin.*

Rhodia argues that the removal of *Holland* by the French corporations operated to remove all the related lawsuits in state court, not just *Holland.* In addition, Brown & Root argues that the state court judge's decision to sever *Laughlin's* third-party claims was erroneous and that, but for that action, both *Holland* and *Laughlin* would be removable.

First, looking at the *Laughlin* case by itself, the Court does not believe that Rhodia could assert any independent rights of removal. No diversity jurisdiction exists. Moreover, Rhodia, because it is incorporated in New York, does not meet the requirements of § 1441(d). *See Herman v. El Al Israel Airlines, Ltd.,* 502 F.Supp. 277, 278 (S.D.N.Y.1980).

Second, the Court does not believe that § 1441(d) requires the removal of all actions related to an action removable under its requirements. State actions such as those in *Laughlin,* which do not have the presence of a "foreign state," as defined in § 1603, are not within the definition of § 1441(d). They are not actions "brought ... against a foreign state," and are not "removed by the foreign state." § 1441(d). To expand the statute beyond what it says is unnecessary and inappropriate. Section 1441(d) affords foreign state defendants certain protections which may adversely affect plaintiffs who have never directly sued the French corporations. Of particular concern to this Court is the possibly adverse effect removal may have on plaintiffs' jury trial rights.

Defendants rely on *Arango v. Guzman Travel Advisors Corp.,* 621 F.2d 1371, 1375–78 (5th Cir.1980). The *Arango* court held that "§ 1441(d), when invoked by a 'foreign state' defendant, should operate to remove the entire action pending in state court against all defendants, private and domes-

tic, as well as the foreign sovereign." *Id.* at 1377 (footnote omitted). However, *Arango* is distinguishable from this case because in *Arango* one lawsuit was removed, not two, and because claims were made against only codefendants, not third parties. Thus, the Fifth Circuit's comments concerning a "multi-party suit" and "the entire action against all defendants" must be read within the factual context of that case. This Court concludes that applying *Arango* to this case would unduly expand the reach of § 1441(d) and would result in an unwarranted injustice to plaintiffs. *See Alifieris v. American Airlines, Inc.,* 523 F.Supp. 1189 (E.D.N.Y.1981) (third-party action, including a foreign state, removable, but not main action; "case" (*see* § 1441(c)) distinguished from action, *id.,* at 1193). *But see In re Disaster at Riyadh Airport, Saudia Arabia on August 19, 1980,* 540 F.Supp. 1141, 1143 n. 1 (D.D.C.1982) (Numerous lawsuits in multi-district litigation filed against airlines, personal trainer, and plane manufacturer—either individually or in combination; removal proper as to all).

In sum, the Court finds that the exercise of jurisdiction over the consolidated cases in *Laughlin* is improper. Removal was improvident and without jurisdiction. In addition for similar reasons, the Court concludes that the unsettled personal injury case in *Holland,* the *Lopez* action (*Lopez v. Brown & Root,* G–81–57), should be severed from the third-party actions, consolidated with the *Laughlin* actions and also remanded to state court. As a result, this Court will retain jurisdiction over the third-party actions in *Holland,* which the Court finds are properly within the confines of § 1441(d).

Accordingly, it is ORDERED, ADJUDGED and DECREED that

(1) the action of *John Lopez v. Brown & Root, Inc. and Rhodia, Inc.* is SEVERED from the remaining actions in Civil Action No. G–81–57, and is CONSOLIDATED with Civil Action No. G–82–473; all third-party claims in G–81–57 shall remain on this Court's docket; and

(2) the motion to remand in G–82–473 is GRANTED, and all lawsuits consolidated in G–82–473 are REMANDED to the 23rd Judicial District Court of Brazoria County, Texas.