**Diana TIGCHON, Plaintiff,**

**v.**

**ISLAND OF JAMAICA, a foreign country, Defendant.**

**No. G81–930CA1.**

United States District Court, W.D. Michigan, S.D.

Feb. 14, 1984.

Grant J. Gruel, Cholette, Perkins & Buchanan, Grand Rapids, Mich., for plaintiff.

Allan I. Mendelsohn, Ward & Mendelsohn, P.C., Washington, D.C., Lewis D. Drain, Grand Rapids, Mich., for defendant Government of Jamaica.

OPINION ON MOTION TO DISMISS

MILES, Chief Judge.

Plaintiff brought this action as personal representative of the estate of William C. Tigchon, deceased, to recover damages for the death of her husband on September 24, 1980, in a water-skiing accident at the Negril Beach Village, a resort hotel owned and operated by the defendant, Island of Jamaica ("Jamaica").

Currently before the Court is defendant's motion to dismiss on the basis of lack of *in personam* jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.* ("FSIA"). The Act provides

the exclusive jurisdictional basis for suits against foreign states, *McKeel v. Islamic Republic of Iran,* 722 F.2d 582 (9th Cir. 1983); *Williams v. Shipping Corporation of India,* 653 F.2d 875 (4th Cir.1981). The parties do not dispute that the Negril Beach Village is a "foreign state" as defined in 28 U.S.C. § 1603(a) and (b)(2), i.e., that the Negril Beach Village is an agency or instrumentality of Jamaica.

Under 28 U.S.C. § 1604, a foreign state is immune from the jurisdiction of the federal and state courts "except as provided in sections 1605 and 1607 of this chapter." Section 1607 is not pertinent here. Section 1605 of the Act provides, in pertinent part:

§ 1605.   General exceptions to the jurisdictional immunity of a foreign state

(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

\* \* \* \* \* \*

(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

The parties agree that the other exceptions to jurisdictional immunity contained in section 1605 are not relevant to this case.

In her initial complaint, plaintiff alleged jurisdiction on the basis of diversity of citizenship, 28 U.S.C. § 1332. Apparently acknowledging defendant's contention that the Foreign Sovereign Immunities Act was the exclusive jurisdictional vehicle for suit against Jamaica, plaintiff filed an amended complaint, predicating jurisdiction under 28 U.S.C. § 1330. The Court declines to follow defendant's suggestion to "dismiss [the original complaint] ministerially" because of abandonment by plaintiff, and will proceed to the merits of defendant's motion to dismiss with respect to the amended complaint.

■ Defendant contends that the Government of Jamaica is entitled to sovereign immunity under the FSIA, and that plaintiff has not demonstrated the applicability of one of the jurisdictional exceptions noted in section 1605. Plaintiff correctly notes that once a basis for jurisdiction is alleged, the burden of proof rests on the foreign state to demonstrate that immunity should be granted. *In re Sedco, Inc.,* 543 F.Supp. 561 (S.D.Texas 1982); *DeSanchez v. Banco Central de Nicaragua,* 515 F.Supp. 900 (E.D.La.1981). However, plaintiff has not alleged the minimal facts necessary in order to establish a basis for jurisdiction.

Plaintiff concedes that neither the second nor the third variants of section 1605(a)(2) is applicable to this case, since the allegations of jurisdiction rely entirely on the first variant, which provides:

(a) A foreign state shall not be immune from the jurisdiction of Courts of the United States or of the States in any case—

(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state.

In her amended complaint, plaintiff alleged that she and her husband obtained travel literature advertising the Negril Beach Village at a Grand Rapids travel agency, and that Jamaica advertises the Negril Beach Village in the United States. (Amended Complaint, paragraphs 4 and 5). Attached to the amended complaint as Exhibit A is a promotional brochure published by Sunflight Holidays, the tour operator that arranged plaintiff's vacation, only one page of thirty-two of which advertised the Negril Beach Village; and Exhibit B, a single page from the Hotel and Travel Index, a phone-book size listing of hotels around the world, used by travel agents to book reservations for their clients, with a one-line listing for the Negril Beach Village. Plaintiff has also claimed that Sunflight Holidays is an authorized representa-

tive of Jamaica, an allegation denied by the Government of Jamaica.

The first clause of section 1605(a)(2) requires that a "regular course of commercial conduct," 28 U.S.C. § 1603(d), be "carried on in the United States," 28 U.S.C. § 1605(a)(2), that the commercial activity involve substantial contracts with the United States, and that there be a close connection between the facts of the alleged injury and the transaction or conduct at issue, in order to establish lack of immunity under the FSIA. *Sugarman v. Aeromexico*, 626 F.2d 270 (3d Cir.1980); *In re Disaster at Riyadh Airport*, 16 Av.L.Rep. ¶ 17,880 (D.C.Dist. of Columbia 1981). The classic examples of "commercial activity" for which immunity is unavailable include

cases based on commercial transactions performed in whole or in part in the United States, import-export transactions involving sales to, or purchases from, concerns in the United States, business torts occurring in the United States ... and indebtedness incurred by a foreign state.

H.Rep. 94–1487 at 17. The traditional "doing business" test of many state long-arm statutes was not incorporated into the FSIA. In requiring a close nexus between the particular injury and the commercial conduct at issue, Congress "authorized the exercise of less than the complete personal jurisdiction that might constitutionally be afforded American courts [sic] under traditional concepts of fairness and due process." *Harris v. VAO Intourist, Moscow*, 481 F.Supp. 1056 (E.D.N.Y.1979).

The Court believes that this case is controlled by *Harris v. VAO Intourist, Moscow, supra*, and *In re Disaster at Riyadh Airport, supra*. In both cases the plaintiffs suffered injuries abroad through an agency or instrumentality of a foreign state, and sought to establish jurisdiction under the "commercial activity" exceptions of section 1605(a)(2). In *Harris*, an American citizen was killed in a hotel fire in Moscow. Suit was brought against two state-owned Russian tourist services, one of which, Intourist Moscow, owned and operated the hotel, and the other of which, Intourist USA, promoted tours between the United States and the Soviet Union. Intourist USA maintained an office in New York and conducted substantial business there, promoting the use of Intourist, Moscow's hotel facilities in Moscow. The plaintiff there, however, arranged for his accommodations in Moscow through a private travel agency. Noting that the first clause of section 1605(a)(2) requires that a court action "be based upon" specific commercial activity conducted in the United States, a more stringent test than the typical "doing business" requirement of many long-arm statutes, the Court found the action "not based upon commercial activity in the United States." *Id.* at 1061. The relationship between negligent operation of the National Hotel and Intourist's United States activity was too attenuated to find that the action was "based upon" such activity.

*In re Disaster at Riyadh Airport* involved a wrongful death action arising from an air disaster aboard a regularly scheduled Saudi Arabian Airlines flight between Jiddah, Saudi Arabia, and Riyadh, Saudi Arabia. The plaintiffs contended that the action was "based upon" a regular course of commercial activity carried on in the United States, namely Saudi Arabian Airlines' business activities in this country. It was undisputed that Saudi Arabian Airlines had four offices in the United States, conducting business in Missouri, Texas, California and New York. As in *Harris*, these activities were too remote from the injury suffered by the plaintiff and his decedent to predicate jurisdiction under the first clause of section 1605(a)(2).

In this case, the connections between defendant, plaintiff's injury, and the United States, are even more remote than those in *Harris* and *In re Air Disaster*. Jamaica has expressly denied that Sunflight Tours is its agent or authorized representative. The travel brochure perused by plaintiff and her husband was published by the independent tour operator, Sunflight, and was not part of a systematic direct publicity campaign organized by Jamaica and con-

768

ducted by Jamaica in the United States. Plaintiff apparently concedes that the distribution of promotional literature by an independent tour operator is a very slender reed upon which to found jurisdiction. Plaintiff states, at p. 9 of her brief,

> Regardless of whether Jamaica itself was doing the advertising or causing third parties to do so on its behalf, the advertising was intended to create 'substantial contacts' with the United States...

■ This statement inaccurately states the test for jurisdiction under section 1605. First, independent commercial activity of a third party is insufficient to establish jurisdiction. *Yessenin-Volpin v. Novosti Press Agency,* 443 F.Supp. 849 (S.D. N.Y.1978). Second, in the absence of *substantial* contacts, regardless of "intended" contacts, the foreign state is entitled to immunity and there is no jurisdiction.

■ Moreover, it cannot be said that plaintiff's cause of action is "based upon" substantial contacts with the United States. The death of plaintiff's decedent is allegedly due to the negligent conduct of an employee of the Negril Beach Village accompanying plaintiff's decedent while waterskiing. *Harris* is directly on point, holding that the nexus between the plaintiff's death in a Moscow hotel, and the activities of the tour operator that arranged the visit were too attentuated to satisfy section 1605's requirements that the action be "based upon" contacts with this country. The Act clearly contemplates a direct connection between the injury suffered and the contacts with the United States. No such direct nexus exists between a one-line advertisement in a world-wide listing of hotels, an advertisement published by an independent tour operator, and the tragic death of Mr. Tigchon while water-skiing. Any links are simply too attenuated and indirect to satisfy the first clause of section 1605.

*Sugarman v. Aeromexico,* 626 F.2d 270 (3d Cir.1980) is readily distinguishable. There, the national airline of Mexico had daily flights between the United States and Mexico, a clearly more substantial presence in the United States than the purported contacts had by Jamaica here. Moreover, the plaintiff's suit was based upon the canceling or delay of an Aeromexico flight to the United States, leaving the plaintiff stranded in a Mexico airport for 15 hours. His suit was thus directly "based upon" Aeromexico's contacts with the United States. The same cannot be said of plaintiff's suit here. The action must therefore be dismissed.

IT IS SO ORDERED.