SCHWARTZ, Chief Judge.
This is an appeal from a summary judgment for the defendant shipowner, concededly an instrumentality of the government of India, on the ground that it was entitled to immunity under the Foreign Sovereign Immunities Act of 1976, 28 U.S. C.A. § 1602 (West Supp.1988) et seq. We affirm.
The plaintiff is an Indian merchant marine cadet who was injured on the high seas 250 miles northeast of Miami when cargo suddenly shifted, allegedly because it had been improperly stowed while the ship was in the port of New Orleans. There is no question that the defendant falls within the general applicability of the sovereign immunity statute.[1] Nor, we hold, does either of the two exceptions to statutory immunity invoked by the plaintiff apply.[2]
*771 First, the action cannot be said to be “based upon a commercial activity carried on in the United States” under 28 U.S.C.A. § 1605(a)(2) because, as the court correctly held in Castillo v. Shipping Corp. of India, 606 F.Supp. 497 (S.D.N.Y.1985), concerning this very defendant, a tort action like this does not involve the required nexus between the claim itself and any commercial activity conducted in the United States in the course of its shipping business. Accord Berkovitz v. Islamic Republic of Iran, 735 F.2d 329 (9th Cir.1984), cert. denied, 469 U.S. 1035, 105 S.Ct. 510, 83 L.Ed.2d 401 (1984); Barnett v. Iberia Air Lines, 660 F.Supp. 1148 (N.D.Ill.1987); Tucker v. Whitaker Travel, Ltd., 620 F.Supp. 578 (E.D.Pa.1985), aff’d, 800 F.2d 1140 (3d Cir.1986), cert. denied, — U.S. -, 107 S.Ct. 578, 93 L.Ed.2d 581 (1986); Keller v. Transportes Aereos Militares Ecuadorianos, 601 F.Supp. 787 (D.D.C.1985); Tigchon v. Island of Jamaica, 591 F.Supp. 765 (W.D.Mich.1984). See generally Vencedora Oceanica Navigacion, S.A. v. Compagne Nationale Algerienne De Navigation (C.N.A.N.), 730 F.2d 195 (5th Cir.1984).
Nor does the case fall within 28 U.S.C.A. § 1605(a)(5) which encompasses actions “for personal injury or death ... occurring in the United States.” This is because, while the supposedly negligent conduct occurred here, the accident took place on the high seas, rather than, as is indispensable for the application of this exception, within the territorial limits of the United States. Frolova v. Union of Soviet Socialist Republics, 761 F.2d 370 (7th Cir.1985); Persinger v. Islamic Republic of Iran, 729 F.2d 835 (D.C.Cir.1984); Tucker, 620 F.Supp. at 578.
Affirmed.

. § 1603. Definitions
For purposes of this chapter—
(a) A 'foreign state', except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).
(b) An ‘agency or instrumentality of a foreign state' means any entity—
(1) which is a separate legal person, corporate or otherwise, and
(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof....

. § 1605. General exceptions to the jurisdictional Immunity of a foreign state
(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the State in any case—
******
(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.
******
(5) not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of prop *771 erty, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment.