**RESOURCE DYNAMICS INTERNATIONAL, LTD., a Colorado Corporation, Plaintiff,**

v.

**The GENERAL PEOPLE'S COMMITTEE FOR COMMUNICATIONS AND MARITIME TRANSPORT IN the SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, Defendant.**

Civ. A. No. C84–0226A.

United States District Court, N.D. Georgia, Atlanta Division.

June 25, 1984.

Julie Childs, Cofer, Beauchamp & Hawes, Atlanta, Ga., for plaintiff.

Richard C. Shadyac, Metzger, Shadyac & Schwarz, Annandale, Va., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This breach of contract action is before the court on defendant's motion to dismiss. Federal jurisdiction is predicated upon 28 U.S.C. § 1330 (Supp.1984), which provides original federal jurisdiction of actions against foreign states. For the reasons stated herein, defendant's motion is DENIED.

## FACTS

On April 20, 1982, the parties entered into a written contract whereby plaintiff, Resource Dynamics International, Ltd. ("RDI"), was to provide training to Libyan nationals in programs of airport administration, civil aviation related courses, and technical English. The students were to be trained to a point where they could return to job placements with Libya. According to plaintiff, performance of the contract began in June, 1982 and was to continue for thirty months from that date.

Plaintiff alleges that in early June of 1983 defendant, The General Peoples' Committee for Communications and Maritime Transport in the Socialist Peoples' Libyan Arab Jamahariya (the "Committee"), withdrew the students and notified plaintiff that it was terminating the contract. Plaintiff contends that defendant has failed and refused to pay the sum of $85,800 due and owing for training conducted during the month of June, 1983. Plaintiff asserts that at all relevant times it was performing under the contract and that plaintiff is ready, willing, and able to complete performance.

On August 15, 1983, plaintiff filed a complaint in federal court, thus instituting suit to recover its alleged damages. Service was sought by plaintiff through the procedures outlined in 28 U.S.C. § 1608(b) (Supp. 1984). Defendant moved to dismiss the complaint for insufficiency of service of process, contending that the defendant was not "an agency or instrumentality" of a foreign state subject to service under § 1608(b) but rather it was a "foreign state" subject to service pursuant to 28 U.S.C. § 1608(a) (Supp.1984). This court held that because plaintiff had proceeded under the section applicable to an agency or instrumentality, it was necessary for

plaintiff to prove that the defendant was such (as opposed to being a foreign state) in order to establish the validity of service. The court held that plaintiff had failed to meet this burden of proof and, therefore, dismissed the action without prejudice.

Plaintiff refiled its action on February 2, 1984, and sought service under both 28 U.S.C. § 1608(a) and (b). Defendant has filed another motion to dismiss alleging (1) insufficiency of process, (2) insufficiency of service of process, (3) lack of subject matter jurisdiction and (4) lack of personal jurisdiction. These issues will be addressed separately and further facts will be disclosed as necessary for the discussion.

## DISCUSSION

### I. Insufficient Process [1] and Service of Process

■ 28 U.S.C. § 1602 (Supp.1984), *et seq,* more commonly known as the Foreign Sovereign Immunities Act ("FSIA"), delineates the specific and limited situations under which a potential litigant can have recourse in the United States courts for asserting claims against foreign states. The FSIA provides detailed service requirements for such cases, 28 U.S.C. § 1608. It is these requirements which defendant contends have not been satisfied.

Section 1608 delineates two different modes of service of process depending upon the status of the defendant. The statute distinguishes between service upon "a foreign state or political subdivision of a foreign state" (§ 1608(a)) and service upon "an agency or instrumentality of a foreign state" (§ 1608(b)). In the present lawsuit plaintiff attempted service under both subsections. In compliance with § 1608(a)(3) plaintiff dispatched the necessary complaint and notices of suit in English and Arabic to the Head of the Ministry of Foreign Affairs of Libya by certified mail through the clerk of court. (See record). The mail receipt was not returned at the expiration of 30 days and plaintiff then proceeded under § 1608(a)(4), requesting

the clerk to transmit the necessary documents to the United States State Department for service through diplomatic channels. On March 28, 1984, the clerk did transmit the documents to the Office of Special Consular Services where it was received on April 3, 1984 (See Exhibit "A" to Plaintiff's Response). These documents were transmitted on April 6, 1984, but service has not yet been perfected.

Plaintiff has also attempted service under § 1608(b). Service has been made and perfected on Mohammed Malhuf, the individual who signed the contract on behalf of defendant. Service has also been made upon Richard Shadyac as "a managing agent of defendant" (plaintiff's language), and on Mr. Huda, the Minister of Transportation of Libya. Apparently there has been no perfection as to the latter two individuals.

Defendant continues to allege that it is a foreign state or political subdivision thereof. If this is a correct characterization of defendant's status then service must be made under § 1608(a). According to defendant service has not been *perfected* under this section and, therefore, the lawsuit should be dismissed. The court disagrees. Plaintiff has taken all necessary steps for perfection under § 1608(a); it is true that service has not been perfected yet but this is not due to a lack of diligence on plaintiff's part, but rather to the difficulty inherent in perfecting service on a foreign entity. The court will allow an additional period of time for perfection under § 1608(a).

Plaintiff, while attempting service under both sections, contends that defendant is an agency or instrumentality of a foreign state. For this reason plaintiff has attempted service under § 1608(b). According to defendant none of three parties on whom plaintiff attempted (or in Malhuf's case, perfected) service is a proper individual to serve under § 1608(b).

---

**1.** Defendant's motion to dismiss purports to contend that process in this case is insufficient. In fact, defendant's entire argument relates to service of process and this court will restrict its review to that topic.

It appears to the court that the discovery process may clarify many of the issues surrounding service of process in this case. In the first place, discovery should resolve the question of whether defendant is a "foreign state" or "agency or instrumentality." If defendant proves to be a foreign state then plaintiff will be given an additional time period in which to prove perfection under § 1608(a). If, however, discovery shows that defendant is an agency or instrumentality, then the depositions of Mr. Shadyac and Mr. Malhuf (already noticed) should indicate whether either of these two individuals have authority to act for and be served as defendant's representative under § 1608(b).

Plaintiff will have until August 24, 1984, to complete discovery on these preliminary issues. A hearing in this case will then be scheduled, at which time the court will decide the issues regarding service of process raised by defendant's motion to dismiss.

## II. *Jurisdiction*

According to defendant, this court lacks subject matter jurisdiction and personal jurisdiction over the defendant due to the doctrine of sovereign immunity.[2] 28 U.S.C. § 1604 does grant foreign states[3] immunity from jurisdiction of the courts of the United States and of the states. However, 28 U.S.C. § 1605 delineates the exceptions to this broad grant of immunity.

■ The first exception arises when a foreign state waives its immunity, § 1605(a)(1). Plaintiff argues that under the contract, the defendant has waived its immunity. The pertinent contract section provides: "This Agreement and the performance or breach hereof shall be gov-erned by the procedural and substantive laws in effect in the State of Virginia." (Contract, Sec. 10.5, p. 9). This agreement to be governed by the laws of Virginia is an implicit waiver of defendant's sovereign immunity.

> With respect to implicit waivers, the courts have found such waivers in cases where a foreign state has agreed to arbitration in another country *or where a foreign state has agreed that the law of a particular country should govern a contract.*

H.R.Rep. No. 94–1487, 94th Cong., 2d Sess. 18, *reprinted in* [1976] U.S.Code Cong. & Admin.News pp. 6604, 6617 (emphasis added). *See Ohntrup v. Firearms Center, Inc.,* 516 F.Supp. 1281 (E.D.Pa.1981).

■ Section 1605 also excepts from sovereign immunity those cases in which the action is based upon a commercial activity carried on in the United States by the foreign state, § 1605(a)(2). As an alternative basis for this court's jurisdiction the court holds that defendant was engaged in commercial activity. The commercial character of a foreign state's activity is to be determined not by reference to the purpose of the activity but to its nature. *Behring International, Inc. v. Imperial Iranian Air Force,* 475 F.Supp. 383 (D.N.J.1979). In the present case defendant was engaged in training individuals for business purposes. This is not an activity in which "only a sovereign can engage", 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3662, p. 107 (Supp.1983), and therefore the foreign state is not immune from liability for its actions in connection with this activity.

2. 28 U.S.C. § 1330(b) (Supp.1984) provides that personal jurisdiction over a foreign state shall exist as to every claim over which the district courts have jurisdiction under § 1330(a). Section 1330(a), in turn, provides that the district courts will have jurisdiction over those civil cases against a foreign state in which the foreign state is not entitled to immunity. The jurisdictional question, therefore, is whether defendant in this action is entitled to immunity.

3. Section 1608 (service of process) is the only section of the FSIA which distinguishes between a foreign state and an agency or instrumentality of a foreign state. In all other sections "foreign state" includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state. § 1603(a).

In summary the court:

(1) DENIES, for the present time, defendant's motion to dismiss for insufficiency of service of process, and

(2) DENIES defendant's motion to dismiss for lack of jurisdiction.