**Margie L. UPTON et al., Plaintiffs,**

v.

**The EMPIRE OF IRAN et al., Defendants.**

**Civ. A. No. 77–1000.**

United States District Court, District of Columbia.

Oct. 19, 1978.

265

John S. Yodice, Washington, D. C., James
D. Veach, Kreindler & Kreindler, New York
City, for plaintiffs.

George C. Smith, Rogers & Wells, Washington, D. C., for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Presently before the Court is the defendants' motion to dismiss for lack of personal and subject matter jurisdiction on sovereign immunity grounds. For the reasons hereinafter stated, the Court will grant the defendants' motion and dismiss the action.

Larry L. Upton, Michael John Mintz, and Alfred E. Caswell, citizens of the United States, were awaiting departing flights in the main hall of the Mehrabad International Airport terminal building in Tèhran, Iran, on December 5, 1974, when the roof collapsed. Upton and Mintz were killed and Caswell sustained severe personal injuries. The survivors of Upton and Mintz, and Caswell himself, are the plaintiffs in this action. The defendants are the Empire of Iran and Iran's Department of Civil Aviation who own and operate the terminal. The plaintiffs have brought this action for wrongful death, survival, and personal injury, and charge the defendants with negligence and strict liability in tort for the catastrophe at the airport.

Plaintiffs originally brought this action in the Southern District of New York in June 1976, prior to the enactment of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1330, 1602–11 (1977). *Upton v. Department of Civil Aviation*, 76 Civ. 2914 (S.D.N.Y. Dec. 20, 1976). The plaintiffs premised the action in New York on diversity jurisdiction and the theory that the defendants were "doing business" in New York. The district court dismissed the case on jurisdictional grounds, holding that the defendants were not doing business in New York. The United States Court of Appeals for the Second Circuit, in an unpublished opinion, affirmed the dismissal "without prejudice" to plaintiffs recommencing their action based upon the newly codified Immunities Act. *Upton v. Department of Civil Aviation*, Civil Action No. 77–7045 (2d Cir. May 23, 1977).

The Immunities Act was enacted October 21, 1976, and took effect after a ninety day waiting period on January 19, 1977. The Act has been interpreted to apply retroactively to such events occurring before its passage. *Yessenin-Volpin v. Navosti Press Agency*, 443 F.Supp. 849, 851 n.1 (S.D.N.Y. 1978).

The Immunities Act added section 1330 to Title 28 of the United States Code to provide the district courts with both subject matter and personal jurisdiction over nonjury civil actions that involve claims against foreign states that are not entitled to immunity under 28 U.S.C. §§ 1605–07, or under any international agreement. The Immunities Act thereby creates an identity of substance and procedure; that is, it requires the court to examine the underlying claim in light of the immunity exceptions set forth in sections 1605–07 whenever a jurisdictional sovereign immunity defense is interposed. *Yessenin-Volpin v. Navosti Press Agency*, 443 F.Supp. at 851.

Plaintiffs principally rely upon 28 U.S.C. § 1605(a)(2), clause 3, as a bar to the defendants' immunity. This provision provides that:

(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

\* \* \* \* \* \*

(2) in which the action is based upon . . . an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States; . . .

It is undisputed that defendant Iran is a foreign state under section 1603(a), that defendant Department of Civil Aviation is an agency of a foreign state within the meaning of section 1603(b), and that defendants were served in accordance with section 1608. The dispositive question posed is whether defendants' negligent operation and maintenance of Mehrabad Airport "cause[d] a direct effect in the United States." 28 U.S.C. § 1605(a)(2), clause 3.

The House Report which accompanied the Immunities Act describes section 1330(b) as creating a federal long-arm statute over foreign states. The drafters explain that the Act's long-arm statute is patterned after the District of Columbia's long-arm statute. The legislative history also indicates that the requirements of minimum jurisdictional contacts and adequate notice as required by cases such as *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), are embodied in the Act. H.R.Rep. No. 94–1487, 94th Cong., 2nd Sess. 13 (1976), U.S.Code Cong. & Admin.News 1976, p. 6604. *See Carey v. National Oil Corp.*, 453 F.Supp. 1097 (S.D.N.Y.1978).

█ The Court finds that causing injury to American citizens abroad is insufficient to satisfy the requirements of the District of Columbia long-arm statute. *See Leaks v. Ex-Lax, Inc.*, 424 F.Supp. 413 (D.D.C. 1976) (suffering pain in the District caused by an injury received outside the District is insufficient to invoke the court's jurisdiction under the long-arm statute); *Norair Engineering Associates, Inc. v. Noland*, 365 F.Supp. 740 (D.D.C.1973) (financial expenditures and indebtedness incurred in the District due to an injury outside the District does not establish a sufficient nexus for jurisdiction under the long-arm statute).

█ Moreover, mere ownership of an airport abroad does not establish sufficient contacts with the District to satisfy *International Shoe*. There has been no attempt by Iran or its Department of Civil Aviation to avail themselves of the protections or privileges afforded by the United States.

*See Hanson v. Denkla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1953); *Carey v. National Oil Corp., supra.*

█ The relatively simple statement of plaintiffs' position points up the correctness of this result. They contend that "[d]efendants' acts caused the deaths and injuries to Americans *which caused* direct effects in the United States." Plaintiffs' Statement of Points and Authorities in Opposition to Defendants' Motion to Dismiss at 3 (November 4, 1977) (emphasis added). Their own language attenuates the connection between the act and the effect. The common sense interpretation of a "direct effect" is one which has no intervening element, but, rather, flows in a straight line without deviation or interruption. The unintended candor of plaintiffs' words demonstrates the indirect nature of the injuries which, though endured here, were caused in Tehran.

In conclusion, as a matter of law, no direct effects were caused in the United States by the defendants' actions at Mehrabad Airport in Tehran, Iran, and therefore one of the two tests of 28 U.S.C. § 1605(a)(2), clause 3, has not been satisfied. Inasmuch as section 1605(a)(2), clause 3, is unavailable to remove defendants' immunity under section 1604, and plaintiffs are unable to assert jurisdiction under any of the alternative exceptions to sovereign immunity, this Court lacks subject matter and personal jurisdiction over these defendants by the terms of 28 U.S.C. § 1330. Accordingly, the Court dismisses the action.

An order in accordance with the foregoing will be issued of even date herewith.