**Michael L. KELLER, Plaintiff,**

v.

**TRANSPORTES AEREOS MILITARES ECUADORIANOS, et al., Defendants.**

Civ. A. No. 84–1790.

United States District Court,
District of Columbia.

Jan. 28, 1985.

George E. Farrell, Speiser, Krause & Madole, Washington, D.C., Joel A. Kolodny, Philip N. Davey, Thomas B. Kelly, Seawell, Dalton, Hughes & Timms, Norfolk, Va., for plaintiffs.

Thomas J. Whalen, Cynthia J. Larsen, Evelyn D. Sahr, Condon & Forsyth, Washington, D.C., for defendants.

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

Before the Court are motions to dismiss filed by both defendants herein, Transportes Aereos Militares Ecuadorianos ("TAME") and Transportes Aereos Nacionales Ecuadorianos ("TAME C.A."). Upon consideration of the motions, supporting memoranda, opposing memoranda, and the entire record herein, the Court, by Order of even date herewith, grants the motions and

dismisses this case for lack of subject matter and personal jurisdiction.

## BACKGROUND

The plaintiff, Michael L. Keller, is the administrator of the Estates of Leonard William Keller and Joseph Felix Keller, both of whom were killed in the July, 1983 crash of an aircraft owned by defendant TAME and operated by defendant TAME C.A. The crash occurred near Cuenca, Ecuador.

TAME was created as a Department of the Ecuadorian Air Force by Supreme Decree No. 1020 issued by the Government of Ecuador's Military Council and published in the Official Register of Ecuador on June 18, 1964. Defendant TAME owns 99.97 percent of the stock of defendant TAME C.A.

Plaintiff filed this suit on June 12, 1984. On October 17, 1984, after defendants filed their motions to dismiss, this Court issued an order permitting plaintiff to conduct discovery before responding to the motions to dismiss. Plaintiff has now responded, and the motions are fully briefed and ripe for decision.

## BECAUSE DEFENDANTS ARE "FOREIGN STATES" UNDER THE FOREIGN SOVEREIGN IMMUNITIES ACT, THIS COURT HAS JURISDICTION UNLESS DEFENDANTS ARE IMMUNE FROM SUIT

The Foreign Sovereign Immunities Act ("FSIA") specifically grants subject matter jurisdiction over "any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity ... under sections 1605–1607 of this title." 28 U.S.C. § 1330(a).[1]

■ The above-quoted section only applies to defendants who qualify as "foreign states" under the act. However, it is clear

that defendant TAME is a foreign state as that term is defined in 28 U.S.C. §§ 1603(b) and 1603(a), and plaintiff so concedes. Plaintiff's admission that TAME is a "foreign state" also means that co-defendant TAME C.A. is a "foreign state". Under 28 U.S.C. § 1603(a), the definition of a "foreign state" includes an "instrumentality of a foreign state." The statute then defines an "agency or instrumentality of a foreign state" as any entity "a majority of whose shares ... is owned by a foreign state." 28 U.S.C. § 1603(b)(2). Because TAME, a foreign state, owns a majority of shares of TAME C.A., the latter is an "instrumentality of a foreign state" by virtue of 28 U.S.C. § 1603(b)(2), and thus a "foreign state" by virtue of 28 U.S.C. § 1603(a). Therefore, according to § 1330, this Court has jurisdiction if, and only if, TAME and TAME C.A. are not entitled to immunity under 28 U.S.C. §§ 1605–1607. *See Verlinden B.V. v. Central Bank of Nigeria,* 461 U.S. 480, 485, 103 S.Ct. 1962, 1967, 76 L.Ed.2d 81 (1983).

Plaintiff claims that defendant TAME has waived its immunity within the meaning of 28 U.S.C. § 1605(a)(1). Plaintiff also claims that defendant TAME C.A. falls within an exception to immunity under § 1605(a)(2). However, as demonstrated below, neither exception applies to this case, and the defendants remain immune from suit.

## TAME HAS NOT WAIVED ITS IMMUNITY, AND MUST BE DISMISSED

Plaintiff asserts that TAME has waived its sovereign immunity, and thus 28 U.S.C. § 1605(a)(1) establishes subject matter jurisdiction. That section provides as follows:

*28 U.S.C. § 1605*

(a) A foreign state shall not be immune from the jurisdiction of the courts of the United States ... in any case—

(1) in which the foreign state has waived its immunity either explicitly or by impli-

---

1. The FSIA, in § 1330, also establishes jurisdiction if any "applicable international agreements" creates an exception to immunity.

There is no claim of any such agreement in this case.

cation, notwithstanding any withdrawal of waiver which the foreign state may purport to effect except in accordance with the terms of the waiver.

■ Plaintiff argues that TAME has waived its immunity from suit by entering into a Credit Agreement with certain U.S. banks and other institutions to finance part of the cost of the aircraft which later crashed. The Credit Agreement, paragraph M, provided that TAME submitted to the jurisdiction of certain courts, (all located in the State of New York), for "any legal action or proceeding arising out of or relating to this Agreement."

Another federal court, on similar facts, has held that such a provision did not constitute a waiver of immunity. In *Ohntrup v. Firearms Center, Inc.*, 516 F.Supp. 1281 (E.D.Pa.1981), a Turkish firm had manufactured and sold an allegedly defective gun to a United States retailer, which sold it to plaintiff. The contract of sale contained a waiver provision which provided that:

> Any dispute between the parties, arising in connection with the application of this agreement, will be handled and solved by the Paris International Court.

516 F.Supp. at 1284. Not surprisingly, the *Ohntrup* court held that a waiver of the defense of immunity as to the Paris International Court did not necessarily constitute such a waiver as to U.S. courts. *Ohntrup* also relied on an alternative holding, which is more relevant to the instant case: the waiver in the agreement between the Turkish manufacturer and the U.S. retailer did not apply to a dispute involving injuries to one not privy to the contract, such as plaintiff, and it did not apply to a dispute "which does not call into issue the contract" between the manufacturer and the retailer. *Id.*

In the present case, as in *Ohntrup*, the waiver of immunity in the Credit Agreement used to finance the purchase of the aircraft does not apply to this suit involving injuries to the plaintiff, who was not a party to the Credit Agreement. This tort action certainly "does not call into issue" the Credit Agreement.

Plaintiff attempts to distinguish *Ohntrup* on the grounds that the waiver provision in that case only applied to disputes "arising in connection with" the application of the contract, whereas the waiver in the Credit Agreement in this case applies to "any legal action or proceeding arising out of *or relating to* this Agreement." (Emphasis supplied). Plaintiff contends that the phrase "relating to" is broader than the phrase "arising in connection with", and that this suit relates to the Credit Agreement. Plaintiff's argument is based on nothing more than semantics. As a matter of law, this tort action involving injuries to plaintiff incurred when defendants' airplane crashed in Ecuador does not relate to the Credit Agreement executed in connection with the aircraft's financing. Therefore, because defendant TAME did not waive its sovereign immunity, this Court lacks jurisdiction as to this action against TAME.

## THE "COMMERCIAL ACTIVITIES" EXCEPTION OF THE FOREIGN SOVEREIGN IMMUNITIES ACT DOES NOT APPLY, AND THUS TAME C.A. IS IMMUNE FROM SUIT AND MUST BE DISMISSED

■ Plaintiff claims that defendant TAME C.A. is not immune from suit because of one of the exceptions to immunity found in 28 U.S.C. § 1605(a)(2), which in relevant part provides as follows:

> (a) A foreign state shall not be immune from the jurisdiction of the courts of the United States or of the states in any case—
>
> (2) in which the action is based ... upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

From the language of the statute, to establish jurisdiction, it is clear that plaintiff must demonstrate, *inter alia*, that the plane crash at issue caused a "direct effect" in the United States. It is equally

clear that there was no such "direct effect" as that term is used in the statute.

In *Upton v. Empire of Iran,* 459 F.Supp. 264 (D.D.C.1978), *aff'd* 607 F.2d 494 (D.C. Cir.1979), this Court dismissed an action brought by the survivors of several individuals killed as a result of the collapse of a roof at an airport in Tehran, Iran, based on a lack of subject matter jurisdiction under § 1605(a)(2) of the FSIA. The court stated that, "as a matter of law, no direct effects were caused in the United States by the defendants' actions at Mehrabad Airport in Tehran, Iran, and therefore one of the two tests of 28 U.S.C. § 1605(a)(2), clause 3, has not been satisfied." *Id.* at 266.

Similarly, in *Verlinden B.V. v. Central Bank of Nigeria,* 488 F.Supp. 1284, 1298 (S.D.N.Y.1980)[2], the court held that, in applying this commercial activity section of the FSIA, the locus of the injury, not the citizenship of the plaintiff, was dispositive of jurisdiction:

> In applying this section courts have uniformly held that the locus of injury is dispositive of jurisdiction; indeed, that factor takes precedence over the citizenship of the victim. For example, even when the victim of a foreign state's tortious conduct is an American citizen injured abroad, the sovereign is protected by immunity and there is no jurisdiction in the American courts. In such cases the injury to the victim's bereaved relatives living in the United States is not sufficiently "direct" or "substantial" to support the assertion of federal jurisdiction.

488 F.Supp. at 1298 (footnotes omitted). *Accord, Harris v. VAO Intourist, Moscow,* 481 F.Supp. 1056, 1062–63 (E.D.N.Y.1979); *Carey v. National Oil Corp.,* 592 F.2d 673, 676 (2d Cir.1979).

The present case is indistinguishable from those cited above. The effects relevant to this case, injuries to the decedent's relatives, are no more "direct" or "substantial" than those in *Upton* or *Verlinden,*

*supra.* Because there are no "direct effects in the United States", TAME C.A. retains its immunity, and must be dismissed for lack of jurisdiction.

### CONCLUSION

Both defendants named herein are immune from suit. The exceptions to immunity relied upon by plaintiff simply do not apply. Thus, this Court has neither subject matter jurisdiction, nor personal jurisdiction over these defendants. *See Verlinden B.V. v. Central Bank of Nigeria,* 461 U.S. 480, 485 n. 5, 103 S.Ct. 1962, 1967 n. 5, 76 L.Ed.2d 81 (1983). The Court has today issued an Order, consistent with this Opinion, which dismisses this action.

---

2. *Aff'd on other grounds,* 647 F.2d 320 (2d Cir. 1981), *rev'd on other grounds,* 461 U.S. 480, 103 S.Ct. 1962, 76 L.Ed.2d 81 (1983).