**Robert LASAGNE and Lisa Anzisi Lasagne, Plaintiffs,**

v.

**DIVI HOTELS and Divi Divi Beach Hotel, Defendants and Third–Party Plaintiffs.**

**DIVI HOTELS and Divi Divi Beach Hotel, Defendants and Third–Party Plaintiffs,**

v.

**The KINGDOM OF THE NETHERLANDS, Netherlands Antilles and Aruba, Third–Party Defendants.**

No. 87 Civ. 8680 (LFM).

United States District Court, S.D. New York.

May 27, 1988.

Kreindler & Kreindler by James P. Kreindler, New York City, for plaintiffs.

Mendes & Mount by Kevin F. Cook, New York City, for defendants and third-party plaintiffs.

Cravath, Swaine & Moore by John R. Huppar and James L. Buchal, New York City, for third-party defendant Kingdom of the Netherlands.

Davis, Markel & Edwards by Thomas J. Sweeney III, New York City, for third-party defendants Netherlands Antilles and Aruba.

## OPINION

MacMAHON, District Judge.

Third-party defendants Kingdom of the Netherlands ("Kingdom"), Netherlands Antilles ("Antilles") and Aruba move, pursuant to Rule 12(b)(1), (2) and (6), Fed.R. Civ.P., to dismiss the third-party complaint.

## BACKGROUND

Plaintiff, Robert Lasagne ("Lasagne"), is a resident of New York who suffered personal injuries when hit by a motor boat while snorkeling in a swimming area operated by defendants and third-party plaintiffs Divi Divi Beach Hotel and Divi Hotels (collectively "the Divi hotels") on the island of Aruba. The hotel and swimming area are located on land leased by the Divi hotels from third-party defendants. Lasagne and his wife brought an action against the Divi hotels in the Supreme Court of the State of New York, Bronx County. The Divi hotels impleaded Kingdom, Antilles and Aruba[1] alleging that they were ultimately responsible for Lasagne's injuries.

## DISCUSSION

Kingdom, Antilles and Aruba move to dismiss the third-party complaint for (1) lack of subject matter jurisdiction, (2) lack of personal jurisdiction, and (3) failure to state a claim upon which relief can be granted.

Third-party defendants claim to be immune from suit under 28 U.S.C. §§ 1602–11, the Foreign Sovereign Immunities Act ("FSIA"), which, in pertinent part, provides:

"Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States ... except as provided in [section] 1605 ... of this chapter."[2]

The Divi hotels argue that 28 U.S.C. § 1605(a)(2) precludes the third-party defendants from invoking the doctrine of sovereign immunity. That section, in pertinent part, provides:

"A foreign state shall not be immune from the jurisdiction of courts of the United States ... in any case—

(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States."

Thus, if third-party defendants engage in "commercial activity" and that "commercial activity" has a relationship to the Unit-

1. Aruba is one of a series of islands located in the Caribbean Sea which form a political subdivision of Kingdom of the Netherlands known as "the Netherlands Antilles." In prior diplomatic dealings with the United States, the Kingdom has acted on behalf of itself and on behalf of Antilles and Aruba. (*See* Affidavit of Kevin F. Cook, sworn to March 29, 1988, at pp. 16–17.) Therefore, we treat the three entities as a single foreign state for purposes of this action.

2. 28 U.S.C. § 1604.

ed States as required by § 1605(a)(2), they are not entitled to immunity and we have subject matter jurisdiction.[3]

We make no determination as to whether the acts of the third-party defendants complained of here constitute "commercial activity." However, because there is an insufficient relationship between the United States and any acts of the third-party defendants, the third-party complaint must be dismissed.

All three clauses of § 1605(a)(2) are arguably applicable to the facts of this case. The Divi hotels argue that the solicitation of tourists in the United States constitutes "a commercial activity carried on in the United States" as well as "act[s] performed in the United States in connection with a commercial activity of a foreign state elsewhere" as required by the first and second clauses of § 1605(a)(2). We disagree.

Even assuming that third-party defendants' solicitation of American tourists is an act performed in the United States in connection with commercial activity in Aruba, such activity lacks a sufficient nexus between third-party defendants and the instant cause of action to form a basis for jurisdiction. *Tucker v. Whitaker Travel, Ltd.,* 620 F.Supp. 578, 585 (E.D.Pa.1985), *aff'd mem.,* 800 F.2d 1140 (3d Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 578, 93 L.Ed.2d 581 (1986). In *Tucker,* the court found that the relationship between personal injuries sustained while horseback riding in the Bahamas and advertisements in this country by the Commonwealth of the Bahamas to promote tourism was too attenuated to satisfy the requirement that claims be "based upon" commercial activity in the United States for purposes of federal court jurisdiction under 28 U.S.C. § 1605(a)(2). "The [FSIA] clearly contemplates a direct connection between the injury suffered and the [commercial] contacts with the United States."[4]

■ The third clause of § 1605(a)(2) provides that a foreign state is not entitled to immunity for "an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere [if] that act causes a direct effect in the United States." Here, the Divi hotels contend that third-party defendants' lease of real property for profit is "commercial activity" and that such activity, coupled with the "direct effect in the United States" of Lasagne's injuries, precludes any entitlement to sovereign immunity.

■ Again, without deciding if the third-party defendants' lease with the Divi hotels constitutes "commercial activity," there is not a sufficiently "direct effect in the United States" to invoke our subject matter jurisdiction. When an American sustains personal injuries overseas, the "effect" is outside the United States.[5] Furthermore, suffering pain in the United States as a result of injury elsewhere is not a sufficiently "direct effect" within the meaning of § 1605(a)(2).[6]

Because the third-party defendants do not fall within any of the exceptions provided by § 1605(a)(2), they are entitled to immunity under 28 U.S.C. § 1604, and we lack subject matter jurisdiction over the third-party complaint. In light of the above, we need not reach third-party defendants' motions to dismiss for lack of personal jurisdiction or failure to state a claim.

## CONCLUSION

Accordingly, third-party defendants' motion to dismiss the third-party complaint for

**3.** *Texas Trading v. Federal Republic of Nigeria,* 647 F.2d 300, 308 (2d Cir.1981) (emphasis added).

**4.** *Tigchon v. Island of Jamaica,* 591 F.Supp. 765, 768 (W.D.Mich.1984); *see also Harris v. Vao Intourist, Moscow,* 481 F.Supp. 1056, 1060–61 (E.D.N.Y.1979).

**5.** *Martin v. Republic of South Africa,* 836 F.2d 91, 94 (2d Cir.1987).

**6.** *Harris, supra,* 481 F.Supp. at 1065.

lack of subject matter jurisdiction is granted in all respects.

So ordered.