**Maria SUDANO, Plaintiff,**

v.

**FEDERAL AIRPORTS CORPORATION, an agency of the Government of Australia, Defendant.**

**Civ. No. 88–00582 DAE.**

United States District Court, D. Hawaii.

Nov. 18, 1988.

Greg Heitler, Honolulu, Hawaii, for plaintiff.

Dorothy Sellers, Andrew Winer, Carlsmith, Wichman, Case, Mukai & Ichiki, Honolulu, Hawaii, for defendant.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL AND SUBJECT MATTER JURISDICTION

EZRA, District Judge.

## I. BACKGROUND

This action for damages arises out of a slip and fall incident at the Kingsford Smith Airport in Sydney, Australia. On or about April 19, 1987, plaintiff Maria Sudano ("Sudano"), a flight attendant for Continental Airlines, was walking through the International Terminal near Gate 9 of the Kingsford Smith Airport, when she slipped and fell on what appeared to be alcohol or some other substance left on the terminal floor. Sudano, an American citizen, allegedly sustained bodily injuries, and is suing defendant Federal Airports Corporation ("the FAC"), known at the time of the incident as the Federal Department of Aviation ("the FDA"), for negligent maintenance of the Kingsford Smith Airport.

The FAC asks this Court to dismiss the complaint filed against it for lack of personal and subject matter jurisdiction, for failure to state a claim, and for defective process. The FAC bases its motion primarily on the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602–11 ("the Act").

Sudano maintains that since the FDA was incorporated to form the FAC, an alleged private corporation, the Act no longer immunizes it from suit in this United States District Court.[1] Alternatively, Sudano contends that the FAC's negligent act falls within the "commercial activity" exception of the Act, causing a "direct effect" in the United States. 28 U.S.C. § 1605(a)(2).

## II. DECISION OF THE COURT

### A. *Standard of Review*

A complaint should not be dismissed "'unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' All allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Baker v. McNeil Island Corrections Ctr.,* 859 F.2d 124, 127 (9th Cir.1988).

■ In a motion to dismiss based primarily on lack of subject matter jurisdiction,

---

**1.** The Court, however, notes that in her complaint, Sudano admits that the FAC is an agency of the government of Australia.

however, the Court may receive, among other forms of competent evidence, affidavits to resolve any factual dispute. *See Biotics Research Corp. v. Heckler,* 710 F.2d 1375, 1379 (9th Cir.1983); *National Expositions, Inc. v. DuBois,* 605 F.Supp. 1206, 1207–8 n. 2 (W.D.Pa.1985). The consideration of such evidence does not convert a motion to dismiss into one for summary judgment. *Id.*

## B. *Agency of the State*

It is well established that "[t]he Foreign Sovereign Immunities Act is the exclusive source of subject matter jurisdiction over all suits involving foreign states or their instrumentalities." *Compania Mexicana de Aviacion v. United States,* 859 F.2d 1354, 1358 (9th Cir.1988). Therefore, unless one of the Act's exceptions apply, the court will "lack both statutory subject matter and personal jurisdiction over any claim against a foreign sovereign." *Id.*

The Act provides that "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter." 28 U.S.C. § 1604. A foreign state includes any "agency" of the foreign state including, *inter alia,* a corporation which is an organ of such state. 28 U.S.C. § 1603(b)(1) and (2).[2]

■ Sudano argues that since the FAC is what she has characterized as a private corporation, it may not now seek immunity under the Act for prior alleged tortious conduct of its predecessor, the FDA. This Court finds it unnecessary to reach the relative merits of Sudano's argument in this regard because this Court finds that, at all times relevant to this action, the FAC was, and continues to exist as, an agency of the Commonwealth of Australia and is therefore entitled to invoke the benefits of immunity under the Act.[3]

## C. *"Direct Effect"*

■ The parties concede that the only exception to the Act that could conceivably apply is 28 U.S.C. § 1605(a)(2) which provides in relevant part:

A foreign state shall not be immune from jurisdiction ... in any case ... in which the action is based upon ... an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere *and that act causes a direct effect in the United States.* (Emphasis added).

As a preliminary matter, the Court notes that application of this section requires demonstration that the FAC's act, *i.e.,* the alleged negligent maintenance of the Kingsford Smith Airport, constitutes "commercial activity". *See National Expositions,* 605 F.Supp. at 1209. However, because the Court finds analysis of the "direct effect" clause dispositive of this motion, there is no need to reach the "commercial activity" issue. The Court therefore focuses on the question of whether Sudano's claim for bodily injury constitutes a "direct effect in the United States." *See e.g., Zernicek v. Brown & Root, Inc.,* 826 F.2d 415, 417 (5th Cir.1985), *cert. denied,* — U.S. ——, 108 S.Ct. 775, 98 L.Ed.2d 862 (1988).

The "direct effect" clause "requires the conduct abroad to cause an effect in the U.S. that is 'substantial' and 'occurs as a direct and foreseeable result of the conduct outside the territory.'" *Zernicek,* 826 F.2d

---

2. "[O]r a majority of whose shares or other ownership interest is owned by [such] state...." *Id.*

3. The FAC has submitted affidavits and supporting documentation attached to its supplemental memorandum in support of its motion which conclusively demonstrates it is an agency of the Commonwealth of Australia within the meaning of the Act. The FAC was established pursuant to the Federal Airports Corporation Act 1986 for, *inter alia,* the purpose of managing certain airports in Australia. Affidavit of Patricia Frances Hannigan (attached to Defendant's Supplemental Memorandum In Support Of Motion For Summary Judgment (sic) filed November 7, 1988). The FAC has no shareholders. *Id.* It is not incorporated in any other jurisdiction nor does it have any place of business anywhere outside of Australia. *Id.* Rather, it operates pursuant to the Federal Airports Corporation Act 1986 as an agency or instrumentality and an organ of the Commonwealth of Australia. *Id.*

at 417.[4] By using the word "direct", Congress intended to invoke judicial discretion in actions involving commercial activities of foreign sovereigns outside the United States. *Id.* at 419.

However, although the "distinction between an effect that is 'direct' and one that is indirect is not quantitative," *Zernicek*, 826 F.2d at 419, the overwhelming consensus of the federal courts is that the "eventual effect in the United States of the personal injury ... of an American citizen while abroad is not direct within the [plain] meaning of the Act." *Zernicek*, 826 F.2d at 419 (personal injury from radiation exposure in Mexico); *Martin v. Republic of South Africa*, 836 F.2d 91, 95 (2nd Cir. 1987) (personal injuries resulting from delay in rendering medical services in South Africa); *Sugarman v. Aeromexico, Inc.*, 626 F.2d 270, 272 (3d Cir.1980) (personal injury resulting from airline delay in Mexico); *Lasagne v. Divi Hotels*, 685 F.Supp. 88, 90 (S.D.N.Y.1988) (personal injury resulting from motor boat accident while snorkeling in swimming area on island of Aruba); *Tucker v. Whitaker Travel, Ltd.*, 620 F.Supp. 578, 586 (E.D.Pa.1985), *aff'd mem.*, 800 F.2d 1140 (3d Cir.), *cert. denied*, 479 U.S. 986 (1986) (personal injury resulting from horseback riding accident in Bahamas); *Upton*, 459 F.Supp. at 266 (personal injury resulting from collapse of airport roof).[5] "[T]he locus of the injury, not the citizenship of the plaintiff [is] dispositive...." *Keller*, 601 F.Supp. at 790.

This Court finds the analysis in *Zernicek* controlling. Because there is no "direct effect" in the United States within the meaning of the Act, the FAC is entitled to

immunity. This Court therefore lacks personal and subject matter jurisdiction over the FAC. In light of this disposition, this Court need not reach the FAC's arguments for dismissal for failure to state a claim and for defective process.

THEREFORE, IT IS HEREBY ORDERED that the FAC's Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction is GRANTED.

---

**4.** "The effect in, and contacts with this country must be more than merely fortuitous." *Four Corners Helicopters, Inc. v. Turbomeca S.A.*, 677 F.Supp 1096, 1101 (D.Colo.1988) (citing *Callejo v. Bancomer, S.A.*, 764 F.2d 1101, 1111 (5th Cir.1985)). *See also Upton v. Empire of Iran*, 459 F.Supp. 264 (D.D.C.1978), *aff'd mem.*, 607 F.2d 494 (D.C.Cir.1979). "The common sense interpretation of a 'direct effect' is one which has no intervening element, but, rather, flows in a straight line without deviation or interruption." *Id.* at 266.

**5.** Similarly, the eventual effect in the United States of the death of an American citizen while abroad is not "direct" within the meaning of the

Act. *Zernicek*, 826 F.2d at 419. *See e.g., Australian Government Aircraft Factories v. Lynne*, 743 F.2d 672, 675 (9th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1189, 84 L.Ed.2d 335 (1985) (death resulting from aircraft crash in Indonesia); *Berkovitz v. Islamic Republic of Iran*, 735 F.2d 329, 332 (9th Cir.), *cert. denied*, 469 U.S. 1035, 105 S.Ct. 510, 83 L.Ed.2d 401 (1984) (murder of U.S. citizen by Iranian agency); *Keller v. Transportes Aeros Militares Ecuadorianos*, 601 F.Supp. 787, 790 (D.D.C.1985) (death resulting from aircraft crash in Ecuador); *Upton*, 459 F.Supp. at 266 (death resulting from collapse of airport roof).