**Richard M. KRAMER and Patricia Kramer, Individually and as Parents and Natural Guardians of Katherine Kramer and Matthew Kramer, Minors, Plaintiffs,**

v.

**The BOEING COMPANY, a Delaware Corporation, and Pratt & Whitney Group, an Operating Unit of United Technologies Corporation, a Delaware Corporation, Defendants.**

**PRATT & WHITNEY GROUP, an Operating Unit of United Technologies Corporation, a Delaware Corporation, Third–Party Plaintiff,**

v.

**SABENA BELGIAN WORLD AIRLINES, Third–Party Defendant.**

**No. 3–88 CIV 215.**

United States District Court, D. Minnesota, Third Division.

Feb. 14, 1989.

David F. Fitzgerald, Robert A. Awsumb, Andrea M. Walsh, Rider, Bennett, Egan & Arundel, Minneapolis, Minn., for plaintiffs.

W.D. Flaskamp, Mark J. Heley, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, Minn., for defendant and third-party plaintiff Pratt & Whitney Group.

Peter Sipkins, Steven C. Nelson, Melissa J. Draper, Dorsey & Whitney, Minneapolis, Minn., for third-party defendant.

DEVITT, District Judge.

Third-party defendant, Sabena Belgian World Airlines ("Sabena"), moves for dismissal on the grounds that this court lacks subject matter and personal jurisdiction over it. Based upon the submitted memoranda, and all records, files and proceedings herein, the motion is granted.

## BACKGROUND

This action involves personal injuries sustained from a fire on an airplane in the Republic of Cameroon. The manufacturer of the plane, The Boeing Company, and of the engine which caught fire, Pratt & Whitney Group, were named as defendants by plaintiffs. Pratt & Whitney filed a third-party complaint against Sabena, alleging that Sabena negligently performed maintenance and service duties under contract with Pratt & Whitney on the failed engine. Sabena moves for dismissal of this complaint and both Pratt & Whitney and the plaintiffs oppose the motion.

### DISCUSSION

Sabena argues that, as an agent of a foreign sovereign, it is immune from suit in this court unless one of the statutory exceptions to the general grant of immunity of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1603 *et seq.* applies. Sabena takes the position that none of the statutory exceptions apply. Sabena also argues that even if jurisdiction could be found under a FSIA statutory exception, due process considerations preclude jurisdiction in this case.

Both Pratt & Whitney and the plaintiffs argue that FSIA exceptions do apply, granting jurisdiction, and that the due process clause does not require dismissal of the suit. Pratt & Whitney makes the additional argument that the instant motion is premature because it has had insufficient time to conduct discovery on factual issues relating to jurisdiction.

The Foreign Sovereign Immunities Act provides: "[A] foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter." 28 U.S.C. § 1604. Under section 1603(b)(2) of the Act, an organization in which a foreign state holds a majority interest is considered as that foreign state for purposes of the Act. The parties agree that the only possible statutory exceptions to this general grant of immunity are contained in 28 U.S.C. § 1605(a) which provides in part:

(a) A foreign state shall not be immune from the jurisdiction of courts of the United States in any case

(1) in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

Thus, the court must determine, for purposes of this motion to dismiss, whether the FSIA applies to Sabena and, if it does apply, whether any of the above statutory exceptions allow this court to exercise jurisdiction over Sabena.

### A. *Applicability of the FSIA*

■ In support of its motion to dismiss, Sabena has submitted an affidavit claiming that the Belgian state owns over 50 percent of the total votes of outstanding Sabena stock and also owns over 50 percent of Sabena's stated capital. Affidavit of Jean-Louis Lindekens at para. 2. Thus, under section 1603(b)(2), Sabena must be considered a foreign state for purposes of the FSIA.

Pratt & Whitney argues that this determination is premature because it has not had the opportunity to conduct discovery on this point. However, the statute clearly states that a foreign state's majority interest in an enterprise subjects that enterprise to the provisions of the act.

Pratt & Whitney's claim that it should be given the opportunity to conduct discovery is meritless absent a cogent explanation of how such discovery could furnish relevant facts which may lead the court to the conclusion that Sabena is not an agent or instrumentality of the Belgian government. Given the fact that Pratt & Whitney does not dispute Sabena's claim that the Belgian government holds a majority interest in Sabena, no need for discovery has been shown.

### B. *Application of the Statutory Exceptions*

#### 1. Waiver of Sovereign Immunity

■ Pratt & Whitney argues that the FSIA does not apply to Sabena because Sabena has waived any sovereign immunity. Pratt & Whitney points to contracts

between it and Sabena for the purchase of engine parts, the development of test nacelles and the lease of computer software to show such waiver. Each of these contracts contain a clause under which Sabena agrees to resolve disputes in accordance with Connecticut or New York law.

Such contract clauses have been found to act as a waiver of immunity for suits involving disputes under the contract. *Marlowe v. Argentine Naval Comm'n,* 604 F.Supp. 703 (D.D.C.1985); *Resource Dynamics Int'l v. General People's Comm. for Communication and Maritime Transp.,* 593 F.Supp. 572 (N.D.Ga.1984). However, the instant action sounds in tort and does not arise out of a dispute involving any contract between Sabena and Pratt & Whitney. Consequently, any waiver of immunity contained in those contracts is irrelevant to the instant suit. *Keller v. Transportes Aereos Militares Ecuadorianos,* 601 F.Supp. 787 (D.D.C.1985); *Ohntrup v. Firearms Center, Inc.,* 516 F.Supp. 1281 (E.D.Pa.1981).

### 2. Exception for Actions Based on Commercial Activity

■ Plaintiffs and Pratt & Whitney both argue that this suit falls under the exception for an "action based upon ... commercial activity carried on in the United States by the foreign state." 28 U.S.C. § 1605(a)(2). Plaintiffs and Pratt & Whitney point to various commercial activities carried on by Sabena in the United States, claiming that they establish this exception. Activities pointed to include: Sabena flights into six United States cities; advertising and promotion of Sabena Airlines in the United States; purchase of spare engine parts from Pratt & Whitney; training of Sabena employees in engine repair at Pratt & Whitney facilities; and maintenance agreements with Pratt & Whitney for engines guaranteed by Pratt & Whitney.

Sabena argues that judicial interpretation of the commercial activity exception requires a nexus between the cause of action and the commercial activity in the United States. Sabena claims such a nexus is lacking in Pratt & Whitney's claim that it negligently maintained or repaired the engine on a Cameroon Airlines plane when that engine caught fire in Douala, Republic of Cameroon. The engine in question was maintained by Sabena under a contract with Cameroon executed in Brussels, Belgium.

While it is true that courts have formulated several tests for determining whether an exception in section 1605(a)(2) applies, the most widely accepted test requires a showing of a nexus between the cause of action and the commercial activities carried out in the United States for the commercial activities exception to apply:

> [T]he statute requires not only that the foreign sovereign conduct 'commercial activity' within the United States but also that the plaintiff's cause of action must be 'based upon' such activity.

> In the normal use of language, that 'based upon' requirement has to be understood as denoting a proximate-cause relationship between the activities in the forum and the acts on which the cause of action is based, just as the term 'but for' is understood in law as importing a causal nexus rather than merely time-sequential relationship.

*Magnus Elec., Inc. v. Argentine Republic,* 637 F.Supp. 487, 492 (N.D.Ill.1986). *See also Compania Mexicana De Aviacion v. United States District Court,* 859 F.2d 1354, 1360 (9th Cir.1988); *Vencedora Oceanica Navigacion, S.A. v. Compagnie Nationale Algerienne De Navigation,* 730 F.2d 195 (5th Cir.1984); *Sugarman v. Aeromexico, Inc.,* 626 F.2d 270 (3rd Cir.1980); *Tucker v. Whitaker Travel, Ltd.,* 620 F.Supp. 578 (D.C.Pa.1985), *aff'd,* 800 F.2d 1140 (3rd Cir.1986), *cert. denied,* 479 U.S. 986, 107 S.Ct. 578, 93 L.Ed.2d 581 (1987).

The only nexus between the alleged negligence of Sabena and Sabena's commercial activities in the United States is that the engine part which is the alleged cause of the fire was purchased by Sabena from Pratt & Whitney in the United States. This is an insufficient link to Sabena's alleged negligence to find that the commer-

cial activities exception of section 1605(a)(2) applies.

### 3. Exception for Commercial Activities Having a Direct Effect in the United States

■ The final clause of section 1605(a)(2) provides an exception for actions based upon "an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." Pratt & Whitney contends that this exception applies because Sabena's negligence may cause it financial injury in the United States.

This is essentially an action to recover for personal injuries which occurred outside the United States. Federal courts have consistently held that personal injuries occurring outside the United States do not cause a direct effect within the United States for purposes of section 1605(a)(2). *Zernicek v. Brown & Root, Inc.*, 826 F.2d 415, 418 (5th Cir.1987); *Australian Gov't Aircraft Factories v. Lynne*, 743 F.2d 672, 674–75 (9th Cir.1984); *Tucker*, 620 F.Supp. at 578; *Keller v. Transportes Aereos Militares Ecuadorianos*, 601 F.Supp. 787, 789–90 (D.D.C.1985). Thus, this exception to the FSIA is inapplicable to this case.

Because none of the exceptions to FSIA's general grant of sovereign immunity apply to the claims against Sabena, this court is without jurisdiction and they must be dismissed.

Accordingly, IT IS ORDERED That the third-party complaint be DISMISSED.