Thomas Joseph CORRIGAN, Plaintiff,

v.

Christopher HARVEY; Donn O'Brien;
Fish Facts, Inc.; Joseph Dettling, In
Personam and the F/V Nikki P, O.N.
HA2551CE and the F/V Double D, O.N.
944985, In Rem, Defendants.

CV. No. 95–00952 DAE.

United States District Court,
D. Hawai'i.

Sept. 16, 1996.

Jay L. Friedheim, Honolulu, HI, for Thomas Joseph Corrigan.

Lance Castroverde, Law Offices of Lance Castroverde, Honolulu, HI, David E. Smith, Van Pernis Smith & Vancil, Kailua–Kona, HI, for Christopher Harvey, Donn O'Brien, Fish Facts, Inc., Joseph Dettling, Nikki P, O.N. HA2551CE, F/V, Double D, O.N. 944985, F/V.

*ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION*

DAVID ALAN EZRA, District Judge.

The court heard Defendants' Motion on September 3, 1996. Jay Friedheim, Esq., appeared at the hearing on behalf of Plaintiff; David E. Smith, Esq., appeared at the

hearing on behalf of Defendants. After reviewing the motion and the supporting and opposing memoranda, the court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.

## BACKGROUND

On November 16, 1995, Plaintiff Thomas Corrigan ("Plaintiff") filed suit against Defendants Christopher Harvey ("Harvey"); Joseph Dettling ("Dettling"); Fish Facts, Inc.; Donn O'Brien ("O'Brien"); the F/V Double D ("Double D"); and the F/V Nikki P ("Nikki P"). Plaintiff's Complaint contains six causes of action: negligence of defendants and unseaworthiness of the vessels; maintenance and cure; negligent and intentional infliction of emotional distress; assault; battery; and punitive damages.

Many of the facts material to this suit are in dispute. However, all agree that a fight occurred on a pier in Honokohau Harbor at 4:00 p.m. on November 4, 1995 between Plaintiff and Defendant Harvey. It is undisputed that Plaintiff worked on four separate trips as a crew member on the Double D, the last trip ending November 4, 1995. The Double D is owned by Dettling, the captain for the trips and Fish Facts, Inc. Defendant Harvey works on and maintains the Nikki P for Defendant O'Brien, the owner of the Nikki P, in exchange for the use of the vessel.

Plaintiff claims he was injured in the course of his employment as a seaman aboard the Double D. Plaintiff's Complaint at ¶ 14. He also states that he was working aboard the Double D until immediately before the alleged assault. Plaintiff's Opp., at p. 3. He further alleges that "plaintiff got off the vessel went onto the pier. Defendant Christopher Harvey attacked plaintiff and brutally beat him." Plaintiff's Complaint at ¶ 17. He claims that Defendant Dettling did nothing to protect him. Plaintiff's Complaint at ¶ 16. Finally, he states that Dettling took him to the hospital after the fight and that Plaintiff continued to receive pay from Dettling up until the time he filed suit. Plaintiff's Opp., at p. 3.

Defendants jointly filed the motion to dismiss for lack of subject matter jurisdiction, on the grounds that Plaintiff was not employed as a seaman at the time of the accident, that his injury did not occur on navigable waters, and that the injuries were not caused by a vessel on navigable waters. Specifically, Dettling states that Plaintiff was not employed by him or by Fish Facts on the Double D, but was "self-employed," receiving a share of the proceeds of the catch, instead of pay. *Id.* at ¶ 4. Further, Dettling states that he informed Plaintiff at 9:00 a.m. on November 4th that he would no longer be working on the Double D. *Id.* at ¶ 9, 10. Finally, he states that Plaintiff was intoxicated and instigated the fight with Defendant Harvey. *Id.* at ¶ 12.

## STANDARD OF REVIEW

In determining the sufficiency of an alleged jurisdictional basis, the plaintiff bears the burden of proof that subject matter jurisdiction does in fact exist. *Thornhill Pub. Co. v. General Tel. & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir.1979). Moreover, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir.1983). In a motion to dismiss based upon lack of subject matter jurisdiction, the court may receive, among other forms of competent evidence, affidavits to resolve factual disputes without converting the motion to dismiss into one for summary judgment. *Sudano v. Federal Airports Corp.,* 699 F.Supp. 824, 825–26 (D.Haw.1988).

## DISCUSSION

I. Jones Act Claims

A. Negligence of Defendants

Although Plaintiff combines the two theories of negligence of Defendants and unseaworthiness as one cause of action, the court will evaluate the jurisdictional basis for them separately. This court construes the allegation of "negligence of defendants" as a Jones Act claim since Plaintiff asserts jurisdiction under the Jones Act and since none of the

other stated causes of action fall within the Jones Act. The Jones Act grants seamen injured in the course of their employment because of shipowner negligence the right to recover damages. 46 App.U.S.C. § 688.

■ An injured seaman is entitled to bring a cause of action under the Jones Act only against one as to whom he or she occupies the conventional relationship of employee. *Loe v. Goldstein*, 101 F.2d 967, 971 (9th Cir.1939). The existence of such an employer/employee relationship must be determined under maritime law. *United States v. Webb*, 397 U.S. 179, 90 S.Ct. 850, 25 L.Ed.2d 207 (1970), and the burden of proof is on the seaman to establish the employment relationship. *Wheatley v. Gladden*, 660 F.2d 1024, 1026 (4th Cir.1981). In the posture of a motion to dismiss, Plaintiff has alleged enough to raise a question of fact as to whether an employment relationship existed between himself and Dettling and Fish Facts. However, Plaintiff has alleged no facts which would raise a question as to whether an employment relation existed between himself and O'Brien, Harvey or the Nikki P. Thus, there is no subject matter jurisdiction under the Jones Act over these three defendants.

■ Under the Jones Act, 46 App. U.S.C. § 688, *et seq.*, an employer will be liable for a seaman's injury if the employer's negligence played any part, even the slightest, in producing the injury or death for which damages are sought. *See Ward v. American Hawaii Cruises, Inc.*, 719 F.Supp. 915, 922 (D.Haw.1988) (citing *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957) (liability justified if "employer negligence played any part, even the slightest, in producing the injury")). Among the obligations, the breach of which make an employer liable for "negligence" under the Jones Act, 46 App.U.S.C. § 688, is that of seeing to the safety of the crew. *Koehler v. Presque–Isle Transp. Co.*, 141 F.2d 490 (2d Cir.1944); *Jensen v. United States War Shipping Admin.*, 88 F.Supp. 542, 544 (E.D.Pa.1949), *aff'd*, 184 F.2d 72 (3d Cir.1950). This means, among other things, doing what is reasonably necessary to protect a seaman from physical violence by an-

other member of the crew. *Id.* However, a shipowner is not liable in the absence of showing that the fellow seaman constituted foreseeable risk to the victim against which the owner had a duty to guard. *Stechcon v. United States*, 439 F.2d 792, 793 (9th Cir. 1971).

■ Plaintiff's claim of Jones Act negligence against Dettling, Fish Facts, and the Double D is based on the allegation that "Defendant Joseph Dettling returned to the F/V Double D and informed plaintiff that Christopher Harvey was angry with plaintiff. Dettling took no other steps to protect his crewman ... plaintiff got off the vessel went [sic] onto the pier. Defendant Christopher Harvey attacked plaintiff and brutally beat him." Plaintiff's Complaint at ¶ 16–17. Defendant Harvey was not hired as a member of the crew of the Double D; he is not a "fellow seaman" of Plaintiff. Further, Plaintiff's allegation that Dettling informed Plaintiff that Harvey was angry with him does not support a conclusion that Defendant Harvey constituted a foreseeable risk to Plaintiff. Thus, the court finds that Plaintiff has not met the burden of proof that subject matter jurisdiction based on Jones Act negligence does in fact exist.

### B. Unseaworthiness of the Vessels

■ A shipowner owes to the seamen employed on its vessels an absolute, nondelegable duty to provide a seaworthy vessel. *Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946). A ship can be unseaworthy by reason of defective personnel as well as by reason of defective gear or a leaky hull. *Boudoin v. Lykes Bros. S.S. Co.*, 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354 (1955). Applied to a seaman, such a warranty is "that he is equal in disposition and seamanship to the ordinary men in the calling." *Harbin v. Interlake Steamship Co.*, 570 F.2d 99, 103 (6th Cir.1978) (quoting *Keen v. Overseas Tankship Corp.*, 194 F.2d 515 (2d Cir.), *cert. denied*, 343 U.S. 966, 72 S.Ct. 1061, 96 L.Ed. 1363 (1952)). To be actionable, a plaintiff's injuries must have been caused by the condition of the ship; to be material, an isolated act must be of such an aggravated character that it constitutes cir-

cumstantial evidence that during the time leading up to the assault, the ship was in an unseaworthy condition because of the presence of such an assailant. *Id.*

■ The Plaintiff cannot allege that the Double D was unseaworthy due to defective personnel since Defendant Harvey was not employed by Fish Facts or Dettling aboard the Double D, and the Plaintiff has not alleged any other facts which would support a finding that his injuries were caused by a condition of the Double D. Therefore, this court finds that Plaintiff fails to meet the burden that there is subject matter jurisdiction over his unseaworthiness claim as to the Double D.

■ Plaintiff also alleges unseaworthiness of the Nikki P based on the presence of a dangerous crew member. However, as Plaintiff correctly points out, a seaman cannot assert an unseaworthiness cause of action against a vessel on which he is not a crew member. *Smith v. Harbor Towing and Fleeting, Inc.,* 910 F.2d 312 (5th Cir.1990). Plaintiff also asserts jurisdiction against O'Brien and the Nikki P for breach of the duty of reasonable care owed to passengers under *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 630, 79 S.Ct. 406, 409–10, 3 L.Ed.2d 550 (1959). However, *Kermarec* does not support subject matter jurisdiction in the instant case for two reasons. First, *Kermarec* states a duty towards "those lawfully aboard the vessel." *Kermarec,* 358 U.S. at 630, 79 S.Ct. at 409. Plaintiff was at no time alleged to be aboard the Nikki P. Second, for a claim of breach of duty of care, a tort claim, to lie, Plaintiff must demonstrate the existence of general admiralty jurisdiction. *Gutierrez v. Waterman Steamship Corp.,* 373 U.S. 206, 209–10, 83 S.Ct. 1185, 1187–88, 10 L.Ed.2d 297 (1963). As discussed in Section III, Plaintiff fails to meet the burden of proof that general admiralty jurisdiction in tort exists.

## II. Maintenance and Cure

■ "A shipowner/employer has an ancient obligation to care for a seaman injured during the course of maritime employment.... The obligation includes payment for any injury or illness that manifests itself while employed, regardless of origin and whether it pre-existed seaman's employment." *Nelsen v. Research Corp. of University of Hawaii,* 805 F.Supp. 837, 853 (D.Haw. 1992). However, a seaman cannot recover for maintenance and cure if his injury is the result of his own willful misconduct. *Omar v. Sea–Land Service, Inc.,* 813 F.2d 986, 989–90 (9th Cir.1987).

Plaintiff may be entitled to maintenance and cure for injuries received from Dettling and Fish Facts, as his employer. *See Chandris, Inc. v. Latsis,* —— U.S. ——, ——, 115 S.Ct. 2172, 2185, 132 L.Ed.2d 314 (1995) ("recovery of maintenance and cure depends on nature of seaman's service, his status as member of the vessel, and his relationship as such to the vessel and its operations in navigable waters."). As stated above, Plaintiff has alleged enough to raise a question of fact as to whether an employment relationship existed between himself and Dettling and Fish Facts. Additionally, Plaintiff has alleged sufficient facts to raise a question of fact as to whether or not the injury was the result of his own willful misconduct.

## III. Tort Claims

■ Admiralty jurisdiction over torts exists where the tort occurs on navigable waters and bears a "significant relationship to traditional maritime activities." *Executive Jet Aviation, Inc. v. Cleveland,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972). In this situation, all elements of the alleged tort occurred on land. While the Admiralty Extension Act extends admiralty jurisdiction to cases of damage or injury on land, it is inapplicable here as it requires the damage to be caused by the vessel. 46 App.U.S.C. § 740. Plaintiff has alleged no facts that his injury was caused by either vessel; indeed, both Plaintiff and Defendants agree that Plaintiff's injury resulted from a fight with Defendant Harvey on the pier.

Further, Plaintiff alleges nothing besides mere conclusory statements, unsupported by fact, that the fight between Plaintiff and Defendant Harvey bears a significant relation to traditional maritime activities; Plaintiff alleges nothing to distinguish this inci-

dent from an ordinary fight in the street. Thus, this court holds that the tort claims are outside the scope of its jurisdiction.

## IV. Supplemental Jurisdiction

 Although Plaintiff does not specifically request supplemental jurisdiction, the court addresses the question. This court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). Additionally, this court may decline to exercise supplemental jurisdiction if the claim substantially predominates over the claim over which this court has original jurisdiction. 28 U.S.C. § 1367(c)(2). Although this court has original jurisdiction over Plaintiff's maintenance and cure claim, this court declines to exercise supplemental jurisdiction over Plaintiff's other claims. While Plaintiff's tort claims do arise out of the same occurrence as his maintenance and cure claim, the questions of law and allegations of fact to be decided are not parallel. Plaintiff's tort claims would predominate both in time and forms of proof over his maintenance and cure claim.

### CONCLUSION

For the reasons stated above, the court GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. The court retains jurisdiction only over Plaintiff's maintenance and cure claim against Defendants Dettling, Fish Facts, and the F/V Double D. All other claims are dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.